ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SCOTT GOODSELL,<br><br>      Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)  No. 17-171C<br>)  (Senior Judge Hodges)<br>)<br>)<br>) |

FILED
JUL 14 2017
U.S. COURT OF
FEDERAL CLAIMS

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Defendant's motion seeks to dismiss the complaint pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC) or, in the alternative, to dismiss count one in part, and counts two, three, and four in their entirety, pursuant to RCFC 12(b)(6). Mr. Goodsell's opposition brief misapprehends the standards applicable to such motions and neither establishes this Court's subject matter jurisdiction nor refutes his complaint's failure to state a claim. The Court should dismiss the complaint in its entirety for lack of subject matter jurisdiction or, in the alternative, dismiss the complaint in part for failure to state a claim upon which relief can be granted.

### ARGUMENT

I. **The Court Should Dismiss The Complaint For Lack Of Subject Matter Jurisdiction**

    A. **Mr. Goodsell Neither Submitted A Claim Nor Received A Final Decision**

The complaint does not allege that Mr. Goodsell submitted a claim to, or received a final decision from, the contracting officer, and Mr. Goodsell has not attempted to identify any such allegations in his opposition brief. Instead, Mr. Goodsell argues that the contracting officer "effectively granted the government's claim for the balance of the Lease payments" when the VA terminated the Lease, and asserts that this "government claim is subject to immediate litigation." Opp. at 3–4 (internal quotation marks omitted). Mr. Goodsell is incorrect.

Received - USCFC
JUL 14 2017

Mr. Goodsell's claims are "separate and distinct for jurisdictional purposes" from the VA's decision to terminate the Lease. *Sharman Co. v. United States*, 2 F.3d 1564, 1570 (Fed. Cir. 1993) (alteration omitted) (quoting *Crippen & Graen Corp. v. United States*, 18 Cl. Ct. 237, 241 (1989)); *see DePonte Invs., Inc. v. United States*, 54 Fed. Cl. 112, 116 (2002) ("[A] decision to terminate a contract for default is separate and distinct from a decision on any claims by a contractor for termination costs or damages."). The VA merely terminated the Lease—it neither addressed Mr. Goodsell's unsubmitted claims nor assessed money damages against him. *See* Compl. Ex. B. Thus, the VA's notice of termination "does not constitute a final decision on a money damage claim under the CDA for jurisdictional purposes." *DePonte*, 54 Fed. Cl. at 115; *see Sharman*, 2 F.3d at 1570 ("[T]he August letter contains no reference to any money entitlement being asserted by the government . . . . Therefore, the August letter could not possibly constitute a final decision for purposes of the government's money damages claim or the contractor's mirror image claim."). Mr. Goodsell was required to—but did not—submit a claim to, and receive a final decision, from the contracting officer. *See M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010) ("[J]urisdiction thus requires both a valid claim and a contracting officer's final decision on that claim.").

The authorities cited by Mr. Goodsell are not to the contrary. *Placeway Construction Corp. v. United States*, upon which Mr. Goodsell primarily relies, concerned a "government claim . . . seeking incidental and consequential damages" in connection with an untimely completed construction contract—not the contracting officer's termination of a lease during its term. 920 F.2d 903, 906 n.1 (Fed. Cir. 1990). Mr. Goodsell also cites two decisions of the former General Services Board of Contract Appeals (GSBCA). In addition to not being binding on this Court, neither is apposite. In *Sprint Communications Co.*, "the contracting officer . . .

assert[ed], as a matter of right under the contract [for telecommunication services], that the Government [was] entitled to withhold from appellant the sum certain of $40,946.99"; the GSBCA observed "that such a withholding or deduction to a fixed-price contract qualifies as a Government claim." GSBCA No. 14263, 97-2 BCA (CCH) ¶ 29,249 (Sept. 16, 1997). Similarly, in *Iowa-Illinois Cleaning Co.*, the "GSA took deductions from . . . monthly payments for deficiencies in cleaning work" under a janitorial services contract; the GSBCA observed that "[d]eductions to fixed price contracts constitute Government claims," but granted the Government's motion to dismiss for lack of jurisdiction. GSBCA No. 12595, 95-2 BCA (CCH) ¶ 27628 (Mar. 8, 1995). At bottom, Mr. Goodsell mistakenly believes that the VA has asserted a claim for money damages. It has not, and—as discussed above—such a claim would be separate and distinct from the VA's decision to terminate the Lease.

Accordingly, the Court should dismiss the complaint for lack of subject matter jurisdiction because Mr. Goodsell neither submitted a claim to, nor received a final decision from, the contracting officer.

B.   Counts Two And Three Are Moot

Our motion demonstrates that counts two and three are moot because they "seek declarations of the terms of a contract that has been terminated." Mot. at 4. Mr. Goodsell primarily responds by advancing the undisputed proposition that a CDA claim may seek the adjustment or interpretation of contract terms rather than a sum certain. *Compare* Opp. at 4–5, *with* Mot. at 4. Mr. Goodsell's assertion does not respond to our mootness arguments and does not help Mr. Goodsell establish subject matter jurisdiction because he did not submit a claim to, or receive a final decision from, the contracting officer.[1]

---

[1] Mr. Goodsell quotes extensively from the GSBCA's decision in *William D. Euille & Associates, Inc.*, which held that a demand seeking the adjustment or interpretation of contract

3

As the "party seeking a declaratory judgment," Mr. Goodsell "has the burden of establishing the existence of an actual case or controversy." *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 (1993). Mr. Goodsell's failure to meaningfully respond to our arguments operates as a concession that counts two and three are moot. *See Winnemucca Indian Colony v. United States*, No. 13-874, 2014 WL 3107445, at *4 (Fed. Cl. July 8, 2014) ("[P]laintiffs have not responded to these arguments. As such, they are deemed conceded."); *Phila. Auth. for Indus. Dev. v. United States*, 114 Fed. Cl. 519, 527 (2014) ("The court construes plaintiff's silence regarding the merits of defendant's argument respecting Court III as PAID's concession as to the validity of defendant's position.").

With regard to his claim that declaratory relief is necessary to decide whether the VA was required to remove a flagpole from the property (count three), Mr. Goodsell argues without further explanation that there is a "demonstrable continuing effect" because the "flagpole still stands on the subject property" and "VA's lease termination does not by itself make the flagpole disappear." Opp at 5. Mr. Goodsell errs in shifting the focus from the Lease, which has been terminated. "Once a contract has expired, and the obligations between its signatories have ended, and if no damages are sought, the parties usually do not have a legally cognizable interest in the case's outcome." *ACLU of Mass. v. U.S. Conference of Catholic Bishops*, 705 F.3d 44, 53 (1st Cir. 2013); *see* Mot. at 4. With regard to his claim that declaratory relief is necessary to decide whether Mr. Goodsell provided all of the required ADA parking spaces (count two), Mr.

---

terms may constitute a CDA claim. GSBCA No. 15261, 00-1 BCA (CCH) ¶ 30,910 (May 3, 2000). The claim in *Euille* was not moot because, unlike here, contract performance was ongoing. The GSBCA specifically distinguished its prior decision in *Writing Co.*, GSBCA No. 15097, 00-1 BCA (CCH) ¶ 30,840 (Mar. 13, 2000), in which "demands which might be construed as for contract adjustment or interpretation were considered moot because the contract itself had been terminated." 00-1 BCA (CCH) ¶ 30,910.

Goodsell provides no explanation at all, instead concluding that this "issue will likely require this Court's determination regardless of how it is pled." Opp. at 5.

Accordingly, even if the Court were to find that Mr. Goodsell submitted a claim to and received a final decision from the contracting officer, his second and third claims for relief should be dismissed for lack of subject matter jurisdiction because they are moot.

II.  Alternatively, The Court Should Dismiss The Complaint In Part For Failure To State A Claim

As a preliminary matter, Mr. Goodsell misapprehends the governing standards of RCFC 12(b)(6). He argues that "[t]he Court should not dismiss a complaint for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Opp. at 6 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957))). However, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court squarely rejected this standard, stating that "*Conley*'s 'no set of facts' language . . . has earned its retirement." 550 U.S. 544, 562–63 (2007). Instead, to survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Mr. Goodsell also argues that contract "[i]nterpretation is an evidentiary issue inappropriate for disposal on a Rule 12(b)(6) motion." Opp. at 7. He is incorrect. "Contract interpretation is a matter of law and thus may be addressed by the Court in resolving a motion to dismiss." *Bell/Heery v. United States*, 739 F.3d 1324, 1330 (Fed. Cir. 2014). Under the correct standard, count one fails to state a claim in part, and counts two, three, and four fail to state claims in their entirety.

A.  Counts One And Four Seek Speculative Damages

Our motion explains that Mr. Goodsell's alleged damages for "unpaid rent in years six, seven, eight, nine, and ten of the Lease—beyond the Lease's five-year firm term—are

speculative and cannot be recovered." Mot. at 7. Mr. Goodsell does not dispute that "contract law precludes recovery for speculative damages," *San Carlos Irr. & Drainage Dist. v. United States*, 111 F.3d 1557, 1563 (Fed. Cir. 1997), or that a "[p]laintiff is limited to damages flowing from the base period" of the contract, *Mktg. & Mgmt. Info., Inc. v. United States*, 62 Fed. Cl. 126, 131 (2004). Instead, Mr. Goodsell asserts entitlement to the total rents due if the Lease had continued for ten years by questioning the term and terminability of the Lease, arguing that "only after completion of Year 5 of this lease term, may the Government opt to terminate the Lease." Opp. at 7 (emphasis omitted). But this Court has limited landlords to "the rental payments called for by the lease through the earliest date on which the Government could have legally terminated the lease in question." *Moreland Corp. v. United States*, 76 Fed. Cl. 268, 295 (2007) (internal quotation marks omitted). This result is consistent with the well-established principles that a contracting officer has the discretion to decline to exercise an option and to terminate a contract for convenience. *See Hi-Shear Tech. Corp. v. United States*, 356 F.3d 1372, 1380 (Fed. Cir. 2004) ("[W]here a contract is renewable at the option of the Government, the government is under no obligation to exercise the option[.]" (internal quotation marks omitted)); *T & M Distribs., Inc. v. United States*, 185 F.3d 1279, 1283 (Fed. Cir. 1999) ("In the absence of bad faith or clear abuse of discretion, the contracting officer's election to terminate for the government's convenience is conclusive."). A contrary determination would result in a windfall to Mr. Goodsell, who offers no authority for his novel interpretation of the Lease. Accordingly, the Court should dismiss Mr. Goodsell's first and fourth claims for relief to the extent that they seek damages for unpaid rent beyond the Lease's five-year firm term.

  B.  <u>Counts Two And Three Are Redundant</u>

  Our motion seeks to dismiss counts two and three, which request "declaratory relief . . . to define the rights of VA and Plaintiff under the Lease," Compl. ¶¶ 29, 30, as duplicative of Mr.

Goodsell's breach of contract claim. *See* Mot. at 7–8. Mr. Goodsell neither responds to our authorities nor advances his own in his opposition brief. *See* Opp. at 7. Instead, he argues without explanation that counts two and three "seek[] declaratory relief . . . which may or may not result in a further monetary claim by Plaintiff (not included in unpaid rent on Claim One)." *Id.* However, Mr. Goodsell does not explain how he would be entitled to additional damages even if he had pled separate breach of contract counts (which he has not). "Declaratory relief is unnecessary in this case as it is duplicative of plaintiffs' claim for monetary damages." *Parks v. United States*, 15 Cl. Ct. 183, 188 (1988). Accordingly, the declaratory judgment claims should be dismissed.

  C. <u>Count Four Fails To State A Claim</u>

Mr. Goodsell's opposition brief conflates claims for bad faith and for breach of the implied covenant of good faith and fair dealing. *See* Opp. at 8 (referring to "a bad faith/ breach of covenant of good faith and fair dealing claims"). "An allegation of breach of the covenant of good faith and fair dealing is an allegation that the party's contracting partner deprived it of the fruits of the contract and is often motivated by self-interest, while bad faith is motivated by malice and does not necessarily result in a deprivation of the fruits of the contract." *Rivera Agredano v. United States*, 70 Fed. Cl. 564, 574 n.8 (2006) (citations omitted). Mr. Goodsell has failed to state a claim under either theory.

As a preliminary matter, Mr. Goodsell appears to have abandoned any bad faith claim. *See* Opp. at 8–9 ("[A] claim for breach of the implied covenant of good faith and fair dealing embraces the duty not to act so as to destroy the reasonable expectations of the other party regarding the fruits of the contract. . . . [A]ctual targeted malice toward Plaintiff is not a required element of this Claim." (internal quotation marks omitted)). In any event, Mr. Goodsell has not argued—let alone alleged—that the VA acted with "malice" or a "specific intent to injure" him.

7

*Am-Pro Protective Agency, Inc. v. United States*, 281 F.3d 1234, 1241 (Fed. Cir. 2002). Thus, the Court should dismiss count four to the extent that it attempts to raise a bad faith claim.[2]

Mr. Goodsell also fails to state a claim for breach of the implied covenant of good faith and fair dealing. Mr. Goodsell has not identified any specific implied term of the Lease that allegedly was breached. *See, e.g., Austin v. United States*, 118 Fed. Cl. 776, 789 (2014) ("[T]he implied obligation must attach to a specific substantive obligation, mutually assented to by the parties." (internal quotation marks omitted)); *see also Precision Pine*, 596 F.3d at 830 ("Although the implied duty of good faith and fair dealing attaches to every contract, what that duty entails depends in part on what that contract promises (or disclaims)." (emphasis omitted)). Instead, Mr. Goodsell argues that the VA used the "Lease termination as a pretext for finding larger office space to accommodate San Jose Vet Center needs." Opp. at 9. At most, this argument goes to the VA's subjective motivation for allegedly breaching the Lease, which is the subject of count one; it does not suggest that the VA appropriated the fruits of the contract for itself. The Lease contemplated that Mr. Goodsell would be paid rent in exchange for the use of his property, and Mr. Goodsell continued to receive rent payments until the VA terminated the Lease and vacated the property. *See* Compl. ¶¶ 20 ("Plaintiff received VA January 2017 partial rent payment in the sum of $6,459.75."), 26 ("CO Brozyna returned keys to SJVC office space on January 26, 2017."), Ex. B at 1 ("[E]ffective January 26, 2017, the Government will vacate the premises . . . . [T]he Government will not pay rent for use of the subject space beyond the

---

[2] Mr. Goodsell argues that *Precision Pine & Timber, Inc. v. United States*, 596 F.3d 817 (Fed. Cir. 2010), "was effectively overruled by" *Metcalf Const. Co. v. United States*, 742 F.3d 984 (Fed. Cir. 2014). Opp. at 9. Mr. Goodsell is incorrect. *Metcalf* concerned a claim for breach of the implied covenant of good faith and fair dealing, not a claim for bad faith. 742 F.3d at 990. Further, *Metcalf* made clear that "[t]he trial court misread *Precision Pine*." *Id.* at 993; *see id.* ("[N]either *Precision Pine* nor other authority supports the trial court's holding . . . .").

8

aforementioned effective date. Rent for the month of January 2017 shall be prorated and paid in arrears."). Thus, count four fails to state a claim for breach of the implied covenant of good faith and fair dealing.[3]

Accordingly, the Court should dismiss count four for failure to state a claim.

---

[3] By contrast, in *Moreland*, a case relied upon by Mr. Goodsell, the Court held that the VA appropriated the fruits of the contract and breached the implied covenant of good faith and fair dealing by "us[ing] alleged building deficiencies . . . as a pretext to have Moreland bear the expense of conducting a structural loading study" and denying claims that the contracting officer thought "were justified and should be paid . . . as a means of gaining leverage." 76 Fed. Cl. at 270.

## CONCLUSION

For these reasons, we respectfully request that the Court dismiss the complaint for lack of subject matter jurisdiction. In the alternative, we respectfully request that the Court dismiss count one in part, and counts two, three, and four in their entirety, for failure to state a claim.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

L. MISHA PREHEIM
Assistant Director

OF COUNSEL:

DAVID FAGAN
Senior Litigation Counsel
U.S. Department of Veterans Affairs

STEVEN C. HOUGH
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
PO Box 480
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 507-6030
Facsimile: (202) 514-7965
steven.c.hough@usdoj.gov

Attorneys for Defendant

July 14, 2017

Case 1:17-cv-00171-RHH   Document 12   Filed 07/14/17   Page 11 of 11

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 14th day of July, 2017, I caused to be placed in the United States mail (first-class, postage prepaid) a copy of "DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO DISMISS" addressed as follows:

> Scott Goodsell
> 440 N. First Street, Suite 100
> San Jose, CA  95112

*[signature]*