# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

SCOTT GOODSELL, )
        Plaintiff )
vs )
  )
THE UNITED STATES OF AMERICA, )    Case No. 17-171C
  )    Judge: Hon. Robert H. Hodges, Jr.
        Defendant )
  )

## PLAINTIFF RESPONSE TO SEPTEMBER 11, 2017 ORDER

Plaintiff submits this response in compliance with this Court's September 11, 2017 Order, and represents as follows, in reply to the Court's inquiries:

*\* Absent objection, Plaintiff will submit a copy of the contract to the court.*

On September 14, 2017, Plaintiff submitted a Declaration of Scott Goodsell, to which was attached a copy of the Lease, with Amendments.

*\* Did the contract include a standard termination for convenience clause? If not, would this fact be relevant to the issues in this case?*

The Lease does not contain a Termination for Convenience clause; the sole lease termination provisions are contained in Lease sec. 1.05 Termination Rights. The absence of such clause would only be relevant if Defendant asserts (in its answer or otherwise) that its termination of the Lease was a termination for convenience.

Received - USCFC
SEP 26 2017

> *\* Does Defendant contest the "firmness" of an initial 5-year base period apparently included in the contract?*

Plaintiff cannot presume Defendant's present stance on this issue, but the attached April 1, 2014 email from CO Niega reflects VA's position at Lease signing – "*10 year Lease with 5 years firm and a 90-day termination right with written notice after year 5.*" Prior to this last-minute unilateral Lease modification by VA, the RFLP and all prior documents provided for a 5-year initial lease term with a 5-year optional extended term. These two differing provisions are not – as CO Niega wrote – "*the same thing.*"

> *\* Plaintiff states that he hired an architect, a General Contractor, and other building professionals to prepare drawings and obtain City permits during the proposal process. Were these expenses considered to be costs that a bidder on the lease would incur pre-award? If so, did the Government anticipate that a bidder would price lease payments to recoup such costs during the life of the lease?*

Plaintiff cannot presume Defendant's present stance on this issue, but CO Niega was aware pre-award that the anticipated TICS costs would exceed the VA maximum TI (tenant improvements) budget for the SJVC premises. In fact, Plaintiff's expended TI costs exceeded VA TI reimbursements by about $100,000; in addition, the to-be-leased SJVC premises were un-leased and off-market for over 16 months after the original November 2013 Conditional Award Letter until SJVC took occupancy in March 2015 at a projected additional opportunity cost of about $125,000. (The foregoing costs are only relevant, however, in a termination for convenience analysis). Plaintiff certainly expected to recoup these costs through rents paid over the initial 5-year Lease term.

*\* Defendant gave three days' notice that it would terminate the lease. How does this comport with the 90-day notice provision in the contract? When did the notice requirement become effective relative to the 5-year base period of the lease? How did it relate to a termination for convenience clause, if any?*

As set forth above, the 90-day termination right was only available "*with written notice **after** year 5*" per CO Niega (emphasis added). As also set forth above, the Lease contains no termination for convenience provisions. In any event, Plaintiff has never received any 90-day termination notice respecting the Lease.

Dated: September 25, 2017

/s/ Scott Goodsell
Scott Goodsell
440 N. First Street, Suite 100
San Jose, California 95112
tel. (408) 295-9555
fax (408) 295-6606

# Scott Goodsell

| | |
|---|---|
| From: | "Niega, John Paul O. VHAREN" <JohnPaul.Niega@va.gov> |
| Date: | Tuesday, April 01, 2014 3:21 PM |
| To: | <sgoodsell@campeaulaw.com> |
| Attach: | C08- Conditional Award Letter.pdf; 1. Simplified Lease- SJVC.pdf; A. GSA Form 3518A.pdf; B. Design Intent Drawing.pdf; C. SJVC Parking Plan.pdf; D. Agency Specific Requirements-San Jose VC.pdf |
| Subject: | San Jose Vet Center Conditional Award Letter |

Hi Scott,

Thanks again for submitting your revised offer. In order to proceed with the pre-award process, attached please find the following:

- Conditional Award Letter
- Revised Lease- For review and signature. Please note the updated changes/addition to the following paragraphs:
    - 1.05 Termination Rights- I needed to update the language to conform with a recent mandate. Effectively, it says the same thing; 10 Year lease with 5 years firm and a 90 day termination right with written notice any time after year 5.
    - 4.01 Schedule for completion- Note the calendar days stated are cursory and can be amended as needed. Items A-C are already completed. So upon award, we can jump into item D.
    - 7.08 Construction Documents- These are the CD deliverables.
- GSA Form 3518A- Exhibit A of the lease for reference
- Design Intent Drawing- Exhibit B of the lease for reference
- SJVC Parking Plan- Exhibit C of the lease for reference
- Agency Specific Requirements- Exhibit D of the lease for reference

Please let me know if you have any questions and I look forward to receiving the signed lease.

Thanks,

JP
**John Paul Niega, MBA**
Contract Specialist
Department of Veteran Affairs, NCO 21
975 Kirman Avenue
Reno, NV 89502
P: 775.785.7158
F: 775.784.7964
C: 775.335.6430
E: johnpaul.niega@va.gov

Mission - Lead the acquisition enterprise to contracting excellence
Vision - Reshape the acquisition function to support our customers through the effective and innovative use of contracting policy, procedures, and processes
Goals - "Integrity, Commitment, Advocacy, Respect, and Excellence (I CARE) – these are our goals"
INTEGRITY, COMMITMENT, ADVOCACY, RESPECT, AND EXCELLENCE – these are our goals." As our client, please take a few moments and let us know how we did by completing the attached SURVEY.

## CERTIFICATE OF SERVICE

I declare under penalty of perjury that on September 25, 2017, I served a copy of:

**PLAINTIFF RESPONSE TO SEPTEMBER 11, 2017 ORDER**

BY MAIL, OR AS OTHERWISE NOTED, by placing a true copy thereof enclosed in a sealed envelope with the U.S. Postal Service on that same day with postage thereon fully prepaid addressed to:

Steven C. Hough, Trial Attorney
Commercial Litigation Branch, Civil Division
United States Department of Justice
P. O. Box 480, Ben Franklin Station
Washington, D.C. 20044

Scott Goodsell