IN THE UNITED STATES COURT OF FEDERAL CLAIMS

SCOTT GOODSELL, )
 )
      Plaintiff, )
 )
v. ) No. 17-171C
 ) (Senior Judge Hodges)
THE UNITED STATES, )
 )
      Defendant. )

<u>DEFENDANT'S RESPONSE TO ORDER AND QUESTIONS</u>

Defendant, the United States, respectfully submits this response to the Court's September 11, 2017 Order (Order) directing the parties to respond to the questions issued by the Court.

I.    <u>Absent Objection, Plaintiff Will Submit A Copy Of The Contract To The Court.</u>

The Order directed Mr. Goodsell to submit a copy of the Lease to the Court. On September 14, 2017, Mr. Goodsell filed what he "declare[d] under penalty of perjury" were "true and correct" copies of the Lease and its five amendments. D.I. 14. However, Mr. Goodsell did not file true and correct copies of the Lease and its amendments.

Specifically, Mr. Goodsell declares that he "[a]ttached . . . as Exhibit 5 . . . a true and correct copy of Lease Amendment P[0]0005." D.I. 14 ¶ 7.[1] But Exhibit 5 is merely a proposed amendment that Mr. Goodsell drafted, and to which the Government never agreed, regarding the removal of a flagpole from the property. In his sworn declaration, Mr. Goodsell acknowledges that the "VA did not execute this Lease Amendment." D.I. ¶ 7. Mr. Goodsell was more explicit in his complaint, acknowledging that he "never received any response" after "sen[ding] a letter with proposed Lease Amendment to [the VA] regarding the flagpole removal." Compl. ¶ 22.

---

[1] In his response to the Order, Mr. Goodsell also represents that his declaration "attached a copy of the Lease, with Amendments." Opp. Resp. at 1.

The actual Lease Amendment P00005 concerns the rent schedule under the Lease, not the flagpole. *See* Ex. A ("The following rent schedule supersedes the rent schedule made a part of Lease Amendment P00004 . . . ."); Compl. Ex. 1 (same). Mr. Goodsell was well aware of this. He attached a copy of Lease Amendment P00005 as the first exhibit to his complaint, which pleads that "[m]onthly rent is $8,010.00 and is paid in arrears on the first of each following month, according to Lease Amendment P00005, attached hereto as Exhibit 1." Compl. ¶ 7; *see* Compl. Ex. 1. His opposition brief also acknowledges that Lease Amendment P00005 addresses the rent schedule—not the flagpole. *See* Opp. at 1 ("The Lease payment schedule is attached to the Complaint as Exhibit A."), 6 ("Damages are calculated in accordance with Lease Amendment P00005, attached to the Complaint as Exhibit A, as unpaid rent . . . .").[2] Moreover, unlike Exhibit 5 to Mr. Goodsell's sworn declaration, the actual Lease Amendment P00005 was fully executed by both parties.[3]

Accordingly, the Court should strike Exhibit 5 to Mr. Goodsell's sworn declaration, and consider Exhibit A hereto as Lease Amendment P00005 in deciding our motion to dismiss.

II.  Did the contract include a standard termination for convenience clause? If not, would this fact be relevant to the issues in this case?

No, the Lease does not contain a standard termination for convenience clause pursuant to Federal Acquisition Regulation (FAR) § 49.502 (48 C.F.R. § 49.502). However, the Lease contains a Termination Rights provision which provides that, "after completion of Year 5 of this lease term, the Government may terminate this Lease . . . at any time by giving at least 90 days

---

[2] Mr. Goodsell refers to Lease Amendment P00005 as Exhibit 1 in his complaint, but as Exhibit A to the complaint in his opposition brief. *Compare* Compl. ¶ 7, *with* Opp. at 1 & 6.

[3] The copy of Lease Amendment P00005 attached as Exhibit 1 to the complaint was executed only by Mr. Goodsell. A fully executed copy of Lease Amendment P00005 is attached hereto as Exhibit A.

2

written notice," in which case "the Government shall be liable only for rent payments due and owing to the Lessor prior to, but not including, the effective date of termination, and any unpaid tenant improvement costs identified in the lease." Lease § 1.05. In addition, the Lease includes a Default By Lessor clause that permits "[t]he Government [to] terminate the Lease if: (i) The Lessor's default persists notwithstanding provision of notice and reasonable opportunity to cure by the Government, or (ii) The Lessor fails to take such actions as are necessary to prevent the recurrence of default conditions, and such conditions (i) or (ii) substantially impair the safe and healthful occupancy of the Premises, or render the Space unusable for its intended purposes." Lease § 2.11.A(3). The Government also retains its common law right to terminate the Lease on the basis of constructive eviction. The Default By Lessor clause expressly acknowledges that "[t]he rights and remedies specified in this clause are in addition to any and all remedies to which the Government may be entitled as a matter of law." Lease § 2.11.A(5).

No, this fact is not relevant to the issues in this case because, as discussed more fully below, the VA terminated the Lease pursuant to the Default By Lessor clause and the common law doctrine of constructive eviction, not for convenience. However, because the Lease does not contain a standard termination for convenience clause, Mr. Goodsell's damages would be limited to the allegedly unpaid portion of the total rents for the five-year firm term of the Lease rather than termination for convenience costs if the Court were to determine that the VA breached the Lease.[4]

---

[4] Mr. Goodsell agrees that "[t]he Lease does not contain a Termination for Convenience clause," and that "[t]he absence of such clause would only be relevant if Defendant asserts . . . that its termination of the Lease was a termination for convenience." Opp. Resp. at 1.

3

III.     Does defendant contest the "firmness" of an initial 5-year base period apparently included in the contract?

No, the Government does not contest that the Lease contains a five-year firm term. However, the Lease is expressly "subject to termination and renewal rights." Lease at 1. Accordingly, the Lease remained subject to termination pursuant to the Default By Lessor clause and the common law doctrine of constructive eviction even during its five-year firm term.[5]

IV.     Plaintiff states that he hired an architect, a General Contractor, and other building professionals to prepare drawings and obtain City permits during the proposal process. Were these expenses considered to be costs that a bidder on the lease would incur pre-award? If so, did the Government anticipate that a bidder would price lease payments to recoup such costs during the life of the lease?

Yes, these expenses were costs that a bidder on the Lease would incur pre-award. Specifically, any pre-award expenses incurred by Mr. Goodsell in the process of responding to the Government's request for proposals, including any expenses associated with retaining architect-engineer professional services, are considered costs of doing business and are the sole responsibility of Mr. Goodsell.

Yes, recoupment of such expenses should have been priced into the rent charged under the Lease.

In addition, Mr. Goodsell is seeking damages for allegedly unpaid rent, and has not otherwise sought reimbursement of any pre-award expenses. *See* Compl. ¶¶ 27–28 (seeking

---

[5] Mr. Goodsell attaches what he asserts is an e-mail from the contracting officer to his response to the Order, and discusses this document in response to the Court's questions. *See* Opp. Resp. at 2, 4. This document is beyond "the four corners of the complaint" and does not fall within the exceptions for "matters incorporated by reference or integral to the claim, items subject to judicial notice, and matters of public record." *Dimare Fresh, Inc. v. United States*, 808 F.3d 1301, 1306 (Fed. Cir. 2015) (alteration omitted). Accordingly, the Court should strike this e-mail and refuse to consider Mr. Goodsell's arguments based upon it in deciding our motion to dismiss for failure to state a claim.

$877,482.59 for rents allegedly remaining due); Opp. at 7 ("Claim One . . . seeks recovery of $877,482.59 for unpaid rent.").[6]

V.      Defendant gave three days' notice that it would terminate the lease. How does this comport with the 90-day notice provision in the contract? When did the notice requirement become effective relative to the 5-year base period of the lease? How did it relate to a termination for convenience clause, if any?

As discussed above, the VA terminated the Lease pursuant to the Default By Lessor clause and the common law doctrine of constructive eviction, not pursuant to the Lease's Termination Rights clause. Accordingly, the VA was not required to provide "90 days written notice" before terminating the Lease. Lease § 1.05.

Under the Termination Rights clause, the Government could have terminated the Lease on notice at any time after completing the Lease's five-year firm term. *See* Lease § 1.05 ("[A]fter completion of Year 5 of this lease term, the Government may terminate this Lease, in whole or in part, at any time by giving at least 90 days written notice to the Lessor."). This notice requirement never applied to terminations pursuant to the Default By Lessor clause or the common law doctrine of constructive eviction, including during the five-year firm term. Instead, the Government was required either to provide a "reasonable opportunity to cure" pursuant to the Default By Lessor clause, Lease § 2.11.A(3)(i), or to comply with the common law requirements of the doctrine of constructive eviction.

As discussed above, the Lease does not contain a standard termination for convenience clause pursuant to FAR § 49.502. The Termination Rights clause permits the VA to terminate

---

[6] In his response to the Order, Mr. Goodsell states that his allegedly unreimbursed tenant improvement and opportunity costs "are only relevant . . . in a termination for convenience analysis," and that he "certainly expected to recoup these costs through rents paid over the initial 5-year Lease term." Opp. Resp. at 2.

the Lease on notice "after completion of Year 5 of this lease term . . . by giving at least 90 days written notice." Lease § 1.05.[7]

                                      Respectfully submitted,

                                      CHAD A. READLER
                                      Acting Assistant Attorney General

                                      ROBERT E. KIRSCHMAN, JR.
                                      Director

                                      /s/ L. Misha Preheim
                                      L. MISHA PREHEIM
                                      Assistant Director

OF COUNSEL:

DAVID FAGAN                          STEVEN C. HOUGH
Senior Litigation Counsel         Trial Attorney
U.S. Department of Veterans Affairs  Commercial Litigation Branch
                                                      Civil Division
                                                       United States Department of Justice
                                                       PO Box 480
                                                       Ben Franklin Station
                                                       Washington, DC  20044
                                                       Telephone: (202) 507-6030
                                                       Facsimile:  (202) 514-7965
                                                       steven.c.hough@usdoj.gov

                                      Attorneys for Defendant

September 27, 2017

---

[7] Mr. Goodsell agrees that "the Lease contains no termination for convenience provisions." Opp. Resp. at 3. In responding to the Court's questions, he again relies on what he asserts is an e-mail from the contracting officer. As discussed above, this e-mail is beyond the four corners of the complaint, and the Court should strike it and refuse to consider Mr. Goodsell's arguments based upon it in deciding our motion to dismiss for failure to state a claim.

# EXHIBIT A

| GENERAL SERVICES ADMINISTRATION<br>PUBLIC BUILDINGS SERVICE<br>LEASE AMENDMENT | LEASE AMENDMENT: P00005<br>TO LEASE NO: VA261-13-L-0027<br>ADDRESS OF PREMISES:<br>440 N 1st St, San Jose, CA, 95112 |
|---|---|

**THIS AMENDMENT** is made and entered into between Scott Layne Goodsell

whose address is: 440 N 1st St, Suite 100, San Jose, CA 95112
hereinafter called the Lessor, and the **UNITED STATES OF AMERICA**, hereinafter called the Government:

**WHEREAS**, the parties hereto desire to amend the above Lease. .

NOW THEREFORE, these parties for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, covenant and agree that the said Lease is amended, effective April 24, 2015 as follows:

1. **REVISED RENT SCHEDULE**

   The following rent schedule supersedes the rent schedule made a part of Lease Amendment P00004:

| Period | Monthly Rent | Annual Rent | Monthly Parking | Annual Parking | Total Monthly Rent | Total Annual Rent |
|---|---|---|---|---|---|---|
| 3/11/15-3/31/15 | $4,812.90 | $4,812.90 |  | $354.84 | $5,167.74 | $5,167.74 |
| 4/1/15-2/28/16 | $7,460.00 | $82,060.00 | $550.00 | $6,050.00 | $8,010.00 | $88,110.00 |
| 3/1/16-2/28/17 | $7,460.00 | $89,520.00 | $550.00 | $6,600.00 | $8,010.00 | $96,120.00 |
| 3/1/17-2/28/18 | $7,460.00 | $89,520.00 | $550.00 | $6,600.00 | $8,010.00 | $96,120.00 |
| 3/1/18-2/28/19 | $7,460.00 | $89,520.00 | $550.00 | $6,600.00 | $8,010.00 | $96,120.00 |
| 3/1/19-2/28/20 | $7,460.00 | $89,520.00 | $550.00 | $6,600.00 | $8,010.00 | $96,120.00 |
| 3/1/20-2/28/21 | $8,952.00 | $107,424.00 | $660.00 | $7,920.00 | $9,612.00 | $115,344.00 |
| 3/1/21-2/28/22 | $8,952.00 | $107,424.00 | $660.00 | $7,920.00 | $9,612.00 | $115,344.00 |
| 3/1/22-2/28/23 | $8,952.00 | $107,424.00 | $660.00 | $7,920.00 | $9,612.00 | $115,344.00 |
| 3/1/23-2/28/24 | $8,952.00 | $107,424.00 | $660.00 | $7,920.00 | $9,612.00 | $115,344.00 |
| 3/1/24-2/28/25 | $8,952.00 | $107,424.00 | $660.00 | $7,920.00 | $9,612.00 | $115,344.00 |
| 3/1/25-3/10/25 | $2,647.10 | $2,647.10 |  | $195.16 | $2,842.26 | $2,842.26 |
|  | Total Rent |  |  |  |  | $1,057,320.00 |

2. This Lease Amendment is made to clarify the rent schedule and is a no-cost action.

This Lease Amendment contains one (1 pages, not including attachments.

All other terms and conditions of the lease shall remain in force and effect.
IN WITNESS WHEREOF, the parties subscribed their names as of the below date.

FOR THE LESSOR:
Signature: *(signed)*
Name: Scott Goodsell
Title: Owner
Entity Name: ___
Date: 28 APR 15

FOR THE GOVERNMENT:
Signature: *(signed)*
Name: Jerzy Brozyna
Title: Contracting Officer
Department of Veteran Affairs
Date: 20 MAY 2015

WITNESSED FOR THE LESSOR BY:
Signature: *(signed)*
Name: William Healy
Title: ___
Date: 4/28/15

Lease Amendment Form 12/12

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 27th day of September, 2017, I caused to be placed in the United States mail (first-class, postage prepaid) a copy of "DEFENDANT'S RESPONSE TO ORDER AND QUESTIONS" addressed as follows:

> Scott Goodsell
> 440 N. First Street, Suite 100
> San Jose, CA  95112

_____