# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

SCOTT GOODSELL, )
)
    Plaintiff )    Case No. 17-171C
)
vs )
)
THE UNITED STATES OF AMERICA, )
)
    Defendant )
)

**FILED**
**JAN -8 2018**
U.S. COURT OF
FEDERAL CLAIMS

## PLAINTIFF'S ANSWER TO COUNTERCLAIM

1.    The allegations contained in paragraph 1 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

2.    Admits that Plaintiff entered into the Lease on May 14, 2014; as to the remaining allegations in paragraph 2, the Lease speaks for itself, and any contrary allegations are denied.

3.    Denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4.    Admits that Plaintiff entered into the Lease; as to the remaining allegations in paragraph 4, the Lease speaks for itself, and any contrary allegations are denied.

5.    Admits that Plaintiff entered into the Lease; as to the remaining allegations in paragraph 5, the Lease speaks for itself, and any contrary allegations are denied.

Received - USCFC
JAN -8 2018

6. Admits that Plaintiff entered into the Lease; as to the remaining allegations in paragraph 6, the Lease speaks for itself, and any contrary allegations are denied.

7. Admits that Plaintiff entered into the Lease; as to the remaining allegations in paragraph 7, the Lease speaks for itself, and any contrary allegations are denied.

8. Admits that Plaintiff entered into the Lease; as to the remaining allegations in paragraph 8, the Lease speaks for itself, and any contrary allegations are denied. The allegations contained in the second sentence of paragraph 8 constitute conclusions of law to which no answer is required.

9. Denies the allegations contained in paragraph 9.

10. Admits that Defendant took occupancy of the property on March 11, 2015, and denies the remaining allegations of paragraph 10.

11. Admits that Defendant abused the HVAC system resulting in HVAC interruptions, and denies the remaining allegations of paragraph 11.

12. Admits that Plaintiff informed SJVC staff that the rear parking lot gate was being improperly left open in/about late March 2015 (and thereafter), and denies the remaining allegations of paragraph 12.

13. Denies the allegations contained in paragraph 13.

14. Admits that the rear parking lot contained a moving truck and pallets in April 2015, and denies the remaining allegations of paragraph 14.

15. Denies the allegations contained in paragraph 15.

16. Admits that Plaintiff sent an email on June 18, 2015, advising Defendant of site work to be performed; as to the remaining allegations in paragraph 16, said email speaks for itself, and any contrary allegations are denied. Denies the allegations

contained in the second sentence of paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth.

17. Admits that Defendant sent an email on July 21, 2015; as to the remaining allegations in paragraph 17, said email speaks for itself, and any contrary allegations are denied. Denies the allegations contained in the second and third sentences of paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth.

18. Denies the allegations contained in paragraph 18.

19. Admits that Plaintiff repaved and striped both parking lots in September 2015, and denies the remaining allegations of paragraph 19.

20. Denies the allegations contained in the first sentence of paragraph 20, and admits that Plaintiff informed Defendant on many occasions that it was not possible to stripe additional disabled parking spaces and that such additional disabled parking spaces were not required by the Lease.

21. Denies the allegations contained in paragraph 21.

22. Admits that on May 25, 2016, Plaintiff entered the SJVC lobby to inquire about Plaintiff's missing combination lock for the rear parking gate, and that Plaintiff advised SJVC staff that unless the missing combination lock was returned, Plaintiff would need to install a keyed lock temporarily until a replacement combination lock could be obtained, and admits that he facilitated exit from the rear parking lot for a VA staff member. Denies the remaining allegations in paragraph 22.

23. Admits that on May 26, 2016, Plaintiff temporarily parked a van across the entrance to the rear parking lot to secure the property since the replacement keyed lock

had been cut off again overnight, and denies the remaining allegations in paragraph 23.

24. Admits that Plaintiff had three vehicles parked in the rear parking lot on June 11, 2016, and denies the remaining allegations in paragraph 24.

25. Admits that Plaintiff sent an email on June 14, 2016; as to the remaining allegations in paragraph 25, said email speaks for itself, and any contrary allegations are denied.

26. Admits that Plaintiff uninstalled three unauthorized SJVC signs affixed to building common areas and left them adjacent to SJVC building entry in July 2016, and denies the remaining allegations in paragraph 26.

27. Admits that Plaintiff temporarily stored some building-related items on the loading dock adjacent to the rear parking lot in August 2016, and denies the remaining allegations in paragraph 27.

28. Admits that Plaintiff was obligated to control parking access on September 16, 2016, and denies the remaining allegations in paragraph 28.

29. Denies the allegations of paragraph 29.

30. Denies the allegations contained in paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth.

31. Admits that Defendant vacated the property on January 26, 2017, and denies the remaining allegations in paragraph 31.

32. The allegations contained in paragraph 32 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

33. The allegations contained in paragraph 33 constitute conclusions of law to which

no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

34. Admits that VA CO Brozyna sent a letter on December 14, 2017; as to the remaining allegations in paragraph 34, said letter speaks for itself, and any contrary allegations are denied.

35. Plaintiff incorporates by reference its responses in paragraphs 1 to 34 above.

36. Admits that Plaintiff entered into the Lease; as to the remaining allegations in paragraph 36, said Lease speaks for itself, and any contrary allegations are denied.

37. Admits that Plaintiff entered into the Lease; as to the remaining allegations in paragraph 37, said Lease speaks for itself, and any contrary allegations are denied.

38. Admits that Plaintiff entered into the Lease; as to the remaining allegations in paragraph 38, said Lease speaks for itself, and any contrary allegations are denied.

39. Admits that Plaintiff entered into the Lease; as to the remaining allegations in paragraph 39, said Lease speaks for itself, and any contrary allegations are denied.

40. Admits that Plaintiff received an unidentified funds transfer for $392.70, and denies the remaining allegations contained in paragraph 40 for lack of knowledge or information sufficient to form a belief as to their truth.

41. Admits that Plaintiff received funds transfers for $422,311.70, and denies the remaining allegations contained in paragraph 41 for lack of knowledge or information sufficient to form a belief as to their truth.

42. The allegations contained in paragraph 42 are Defendant's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

43. The allegations contained in paragraph 43 are Defendant's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

44. The allegations contained in paragraph 44 are Defendant's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

45. The allegations contained in paragraph 45 are Defendant's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

46. Plaintiff incorporates by reference its responses in paragraphs 1 to 45 above.

47. The allegations contained in paragraph 47 are Defendant's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

48. The allegations contained in paragraph 48 are Defendant's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

49. The allegations contained in paragraph 49 are Defendant's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

50. Admits Plaintiff received wire funds transfers of $8,010.00 each in March 2017, in April 2017 and in May 2017, and denies the remaining allegations contained in paragraph 50.

51. Denies the allegations in paragraph 51.

52. The allegations contained in paragraph 49 are Defendant's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

53. The affirmative defenses asserted in paragraphs 1 though 7 of Defendant's Affirmative Defenses constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

## AFFIRMATIVE DEFENSES

1. Defendant's claims are barred wholly or in part by estoppel.
2. Defendant's claims are barred wholly or in part by waiver.
3. Defendant's claims are barred wholly or in part by failure to mitigate.
4. Defendant's claims are barred wholly or in part by offset.
5. Defendant's claims are barred wholly or in part by unclean hands.

WHEREFORE, PLAINTIFF requests that the Court enter judgment in his favor, order that the Counterclaim be dismissed, and for such further relief as this Court may deem just and proper.

January 4, 2018

Scott Goodsell
440 N. First Street, Suite 100
San Jose, California  95112
tel. (408) 295-9555
fax (408) 295-6606

## CERTIFICATE OF SERVICE

I declare under penalty of perjury that on January 4, 2018, I served a copy of:

**PLAINTIFF'S ANSWER TO COUNTERCLAIM**

BY MAIL, OR AS OTHERWISE NOTED, by placing a true copy thereof enclosed in a sealed envelope with the U.S. Postal Service on that same day with postage thereon fully prepaid addressed to:

Steven C. Hough, Trial Attorney
Commercial Litigation Branch, Civil Division
United States Department of Justice
P. O. Box 480, Ben Franklin Station
Washington, D.C.  20044

Scott Goodsell