ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

SCOTT GOODSELL,                 )
                                )
            Plaintiff,          )
                                )
    v.                          )    No. 17-171C
                                )    (Senior Judge Hodges)
THE UNITED STATES,              )
                                )
            Defendant.          )

**FILED**

**APR 5 2018**

U.S. COURT OF
FEDERAL CLAIMS

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Defendant, the United States, respectfully submits this opposition to plaintiff, Scott Goodsell's, motion to compel. Mr. Goodsell moves to compel the Government to supplement its initial disclosures with additional witnesses and documents. However, he did not meet and confer, our disclosures satisfy the requirements of the Rules of the United States Court of Federal Claims (RCFC), and he is not entitled to the relief that he seeks. The motion should be denied.

ARGUMENT

I.    Mr. Goodsell Did Not Meet And Confer In Accordance With Rule 37

As a preliminary matter, the motion should be denied because Mr. Goodsell did not meet and confer as required by Rule 37. This Court's Rules require that, before moving to compel, "the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." RCFC 37(a)(1). Contrary to his sworn declaration, Mr. Goodsell has not satisfied this requirement.

We served our initial disclosures on Mr. Goodsell via e-mail on Friday, March 16, 2018. The next business day, on Monday, March 19, 2018, Mr. Goodsell sent a letter to defendant's counsel via e-mail, which purported to "constitute[] [his] effort to meet-and-confer" and demanded that the Government amend its initial disclosures by the end of the week. ECF No. 33-3 at 1. Mr. Goodsell received an automatic response informing him that defendant's

RECEIVED - USCFC

APR - 5 2018

counsel was out of the office and providing contact information for a colleague if Mr. Goodsell's matter was urgent and could not wait until defendant's counsel returned to the office the following week. *See* ECF No. 33-1 ¶ 3. Mr. Goodsell forwarded his letter via e-mail that afternoon to undersigned counsel's colleague, who responded to Mr. Goodsell via e-mail the next business day, on Tuesday, March 20, 2018. Nevertheless, Mr. Goodsell filed a motion to compel on Thursday, March 22, 2018, prior to the response deadline of Friday, March 23, 2018, that he proposed in his letter.[1] These efforts are insufficient to satisfy Mr. Goodsell's obligation to meet and confer prior to filing a motion to compel.

In addition, even if Mr. Goodsell had allowed the Government a reasonable time to respond to his letter, his efforts still would not be sufficient to permit him to move to compel. Mr. Goodsell's letter asserts that it "constitutes [his] effort to meet-and-confer with [the Government] regarding deficiencies in Defendant's Rule 26 Initial Disclosures," ECF No. 33-3 at 1, but a "single letter unilaterally identifying flaws in Defendant's discovery responses and setting an arbitrary response deadline . . . does not equate to a good faith conferral or attempt to confer." *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 400 (S.D. Tex. 2012).[2] Rather, "[b]efore filing a motion to compel, the movant . . . must deliberate, confer, converse, compare views, or consult [with opposing counsel] with a view to resolve the dispute without judicial intervention," and "must make genuine efforts to resolve the dispute by determining precisely what . . . specific, genuine objections or other issues, if any, cannot be resolved without judicial

---

[1] Although filed on March 22, 2018, Mr. Goodsell's motion and sworn declaration are dated March 20, 2018. Mr. Goodsell avers that "[a]s of this declaration, [defendant] has not responded to me." ECF No. 33-1 ¶ 3.

[2] Mr. Goodsell's demand that the Government amend its initial disclosures and produce additional documents by the end of the week when discovery is not scheduled to close for several months is the sort of arbitrary proposed deadline that is not permitted.

intervention." *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999). Mr. Goodsell has made no such efforts.

Accordingly, Mr. Goodsell has failed to comply with RCFC 37's meet-and-confer requirement, and his motion should be denied on this basis alone.

II. <u>Mr. Goodsell Is Not Entitled To The Relief That He Seeks</u>

Even if Mr. Goodsell's motion were procedurally proper—and it is not—he would not be entitled to the relief that he seeks.

A. <u>Defendant's Initial Disclosures Do Not Require Correction Or Supplementation</u>

Mr. Goodsell requests that the Government be ordered to "amend its Rule 26 disclosures to include all SJVC employees who worked at the" property, "to identify all 'patients' having knowledge of Plaintiff's alleged 'disturbing' conduct," and to produce "copies of . . . security camera recordings . . . plus any other SJVC staff recordings." Mot. at 7. He is not entitled to this relief because our initial disclosures fully comply with the requirements of RCFC 26(a)(1).

Our initial disclosures identified twelve individuals likely to have discoverable information and described multiple categories and locations of documents upon which we may rely in support of our claims or defenses, and we attached nineteen such documents. *See* ECF No. 33-2. That is more than is required by this Court's Rules. *See* RCFC 26(A)(1)(A) (requiring disclosure of "each individual likely to have discoverable information" and either "a copy—or a description by category and location—of all documents" that the party "may use to support its claims or defenses"). In addition, initial disclosures are "based on the information then reasonably available to" the disclosing party, RCFC 26(a)(1)(E), and the Court's Rules expressly provide for supplementation "if the party learns that in some material respect the disclosure or response is incomplete," RCFC 26(e)(1)(A). Consistent with this standard, we explained that our

initial "disclosures are based upon information reasonably available to us, and we reserve the right to supplement or modify them as we obtain additional information." ECF No. 33-2 at 1.

Despite these fulsome disclosures, Mr. Goodsell asserts—without having received any other discovery—that the Government should have disclosed additional witnesses and documents. First, Mr. Goodsell claims that the Government should have identified all employees who worked at the property and all patients who were disturbed by his behavior. *See* Mot. at 3–5. Second, he argues that the Government should have attached copies of certain video recordings to its initial disclosures. *See id.* at 6. Neither supplemental disclosure is necessary. The Government was required to disclose only those witnesses and documents that it then believed it might "use to support its claims or defenses." RCFC 26(a)(1)(A)(i)–(ii). Contrary to Mr. Goodsell's apparent belief, the Government was not required to identify all potentially relevant witnesses and documents in its initial disclosures. *See* Mot. at 4 ("[T]hese persons possess discoverable information relevant to allegations made in Defendant's Counterclaim."), 6 ("[A]ll such recordings are relevant to Defendant's Counterclaims . . . ."). Mr. Goodsell contends that he has "no independent means" to obtain this information outside of Rule 26 disclosures. Mot. at 4. However, he remains free to pursue this information through the discovery mechanisms provided by the Court's Rules.

Mr. Goodsell also requests that the Court order the Government to "amend its Rule 26 disclosures . . . to include [agency counsel] David Fagan and [contracting officer's representative] Rosalee Twombley." Mot. at 7. The Government was not required to include Mr. Fagan or Ms. Twombley in its initial disclosures because it did not intend to use them to support its claims or defenses, RCFC 26(a)(1)(A)(i), and is not required to add them to its initial disclosures because Mr. Goodsell already is aware of their identity, *see* RCFC 26(e)(1)(A)

(requiring supplementation only "if the additional or corrective information has not otherwise been made known to the other parties"); RCFC 37(c)(1) (An undisclosed witness will be "allowed . . . to supply evidence on a motion, at a hearing, or at a trial" if a party's failure to identify the witness "is harmless.").

In his prayer for relief, Mr. Goodsell also requests that the Government be ordered to "amend its Rule 26 disclosures to provide all known addresses for all witnesses." Mot. at 7. However, as Mr. Goodsell acknowledges, each of the individuals that the Government disclosed are "current VA/SJVC employees" who may be contacted through defendant's counsel. *Id.* at 2 & 4. Accordingly, defendant need not include their addresses in its initial disclosures. *See Brooks v. Motsenbocker Advanced Developments, Inc.*, No. 07-CV-773, 2007 WL 3203031, at *2 n.2 (S.D. Cal. Oct. 29, 2007) ("While Plaintiffs complain that Defendants did not provide the address and telephone number of their witnesses, the only specific witnesses Defendants identified were party witnesses, who can be contacted through counsel.").

B.   Defendant's Counterclaim Should Not Be Stricken

In the alternative, Mr. Goodsell requests that the Court "strike all references to 'patients' in Defendant's Counterclaim." Mot. at 7; *see id.* at 4–5. Even if his motion were procedurally proper and our initial disclosures were deficient—neither is the case—Mr. Goodsell still would not be entitled to have a portion of our answer stricken. "[S]triking a portion of a pleading is a drastic remedy . . . ." *Reunion, Inc. v. United States*, 90 Fed. Cl. 576, 580–81 (2009) (quoting 5C Charles Alan Wright et al., *Fed. Prac. & Proc.* § 1380 (3d ed. 2004)). Thus, "the Court of Federal Claims views motions to strike with disfavor and rarely grants them." *Starr Int'l Co. v. United States*, No. 11-779C, 2013 WL 5976244, at *1 (Fed. Cl. Nov. 8, 2013). If Mr. Goodsell is correct and the Government is unable to prove one of its defenses or counterclaims without testimony from SJVC patients, then he ultimately may prevail on this issue at trial. *See* Mot.

5

at 5.  However, he is not entitled to have these allegations stricken from our pleading.  *See Starr Int'l*, 2013 WL 5976244, at *1 ("When considering a motion to strike a defense, the Court must construe the pleadings liberally to give the Government a full opportunity to support its claims at trial.").

Accordingly, Mr. Goodsell is not entitled to the relief that he seeks, and his motion should be denied on this basis as well.

CONCLUSION

For these reasons, we respectfully request that the Court deny the motion.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

L. MISHA PREHEIM
Assistant Director

STEVEN C. HOUGH
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
PO Box 480
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 507-6030
Facsimile:  (202) 514-7969
steven.c.hough@usdoj.gov

April 5, 2018                           Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this ___5ᵗʰ___ day of April, 2018, I caused

to be placed in the United States mail (first-class, postage prepaid) a copy of "Defendant's

Opposition to Plaintiff's Motion to Compel" addressed as follows:

Scott Goodsell
440 N. First Street, Suite 100
San Jose, CA  95112
