# United States Court of Federal Claims
No. 17-171 C
Filed: April 30, 2018

**SCOTT GOODSELL, pro se**

*Plaintiff,*

v.

**UNITED STATES OF AMERICA,**

*Defendant.*

## ORDER DENYING MOTION TO AMEND THE CASE SCHEDULE AND DENYING MOTION TO COMPEL RULE 26 DISCLOSURES

This case has been delayed well beyond any rational explanation for various reasons that are difficult to ascertain. On April 26, we held a status conference to address, in addition to delay problems, defendant's Motion to Amend the Case Schedule [ECF No. 31] and plaintiff's Motion to Compel Rule 26 Disclosures [ECF No. 33].

An Order denying defendant's Motion to Dismiss also directed the parties to file a Joint Preliminary Status Report on November 15, 2017, pursuant to RCFC 12(a)(4). [ECF No. 17.] However, on November 15, three documents were filed in the following sequence: (1) Plaintiff's Status Report [ECF No. 18]; (2) Plaintiff's Motion for Entry of Default [ECF No. 19]; and (3) Defendant's Status Report [ECF No. 20]. Apparently, the parties were unable to jointly propose a discovery schedule.

On March 15, 2018, we adopted defendant's proposed schedule and denied plaintiff's Motion for Default. [ECF No. 30.] The court was unaware that the parties had agreed to a conflicting schedule. The following day, defendant filed a Motion to Amend the Schedule, explaining that the dates we adopted "were no longer feasible because the parties briefed plaintiff's motion for default rather than proceeding with discovery."

We believe the attorneys to be acting in good faith. However, given the current circumstances in which we find ourselves, the arguments presented by attorneys for plaintiff and defendant cannot be reconciled. Each party has highlighted and explained the aspects of this complex pretrial history in a way that serves its own purposes. This is

not unusual, but they are advised that we will follow future proceedings very closely so that the court may determine for itself where the fault of additional delays, if any, lie.

## MOTION TO AMEND THE CASE SCHEDULE

To reflect the loss of time but to encourage efficient resolution of this case, the court hereby adopts the following Case Schedule:

1. Close of fact discovery: Friday, August 10, 2018
2. Plaintiff's motion for summary judgment: Friday, September 7, 2018
3. Defendant's cross-motion for summary judgment: Friday, October 5, 2018
4. Plaintiff's reply in support of motion: Friday, November 2, 2018
5. Defendant's reply in support of cross-motion: Friday, December 7, 2018
6. Trial (if necessary): March 11–15, 2019

For good cause shown, this schedule may be amended according to the procedure outlined by the court during the April 26 hearing. That is, a party determining in good faith that the court's schedule creates an impossibility of compliance will contact the court, copying the adverse party, to request a status conference and to discuss the schedule.

As the court has ordered its own schedule, defendant's pending Motion to Amend the Case Schedule is MOOT and therefore DENIED.

## MOTION TO COMPEL

Plaintiff filed a motion to compel additional Rule 26 disclosures. Plaintiff's motion is DENIED. Rule 37 requires that before moving to compel, a party must make an effort to resolve the dispute without involvement of the court by being able to show that "the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." RCFC 37(a)(1). Plaintiff filed his motion to compel before the deadline that plaintiff set himself for receiving defendant's response. These efforts are insufficient to satisfy plaintiff's duty to confer prior to filing such a motion.

Defendant's initial disclosures comply fully with the requirements of RCFC 26(a)(1).[1] In its disclosures, the Government identified twelve individuals likely to have

---

[1] Rule 26(a)(1)(A) requires disclosure of "each individual likely to have discoverable information" and either "a copy—or a description by category and location—of all documents" that the party "may use to support its claims or defenses." In addition, initial disclosures are "based on the information then reasonably available to" the disclosing party, RCFC 26(a)(1)(E), and the Rules expressly provide for supplementation "if the

discoverable information and described multiple categories and locations of documents upon which they may rely in support of its claims and defenses. At this stage of discovery, defendant is not required to identify all potentially relevant witnesses and documents. Defendant has satisfied the requirements of Rule 26 and plaintiff may pursue the information he seeks through other discovery mechanisms provided by the court's Rules.

Plaintiff moves to strike "all references to 'patients' in Defendant's Counterclaim" because the Government did not name any patients in its Initial Disclosures. As part of its constructive eviction defense, defendant claims that VA patients were subjected to plaintiff's allegedly disturbing behavior. However, plaintiff is not entitled to have these allegations stricken from defendant's pleading for the reasons stated. Such a remedy would be a drastic one, and plaintiff has not demonstrated a sufficient reason for the court to enter what would amount to a sanction in these circumstances. As defendant notes, if the Government is unable to prove one of its defenses or counterclaims without testimony from patients, then he ultimately may prevail on this issue at trial. For these reasons, plaintiff's Motion to Compel Production, or in the alternative, to Strike parts of defendant's Counterclaim is DENIED.

**IT IS SO ORDERED.**

*s/Robert H. Hodges, Jr.*

Robert H. Hodges, Jr.
Senior Judge

---

party learns that in some material respect the disclosure or response is incomplete," RCFC 26(e)(1)(A).