# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

SCOTT GOODSELL,            )
                           )
         Plaintiff         )
vs                         )
                           )
THE UNITED STATES OF AMERICA, )   Case No. 17-171C
                           )      Judge: Hon. Robert H. Hodges, Jr.
         Defendant         )
_____)

**PLAINTIFF REPLY ON MOTION TO COMPEL DEPOSITION
OF UNITED STATES PER RCFC RULE 30(B)(6)**

For more than 6 months, Plaintiff has sought to depose Defendant pursuant to RCFC Rule 30(b)(6) regarding certain specified topics. Throughout that time, Defendant has refused to designate any respondents and essentially stonewalled any such discovery. Most recently, Defendant has contended that this Court has already issued a protective order precluding such discovery, which is a fiction. Plaintiff responds to Defendant's Opposition to its Motion to Compel, as follows:

## LEGAL ISSUES

Defendant contends that (1) an April 24, 2018 order has granted Defendant continuing protection against Plaintiff's noticed RCFC 30(b)(6) depositions, and (2) if not, there has been no meet-and confer, and (3) no RCFC 30(b)(6) depositions are appropriate in this case. Plaintiff addresses each contention below, in that order.

### 1.    There is NO Protective Order Precluding Plaintiff's Discovery

Defendant contends that the April 24, 2018 order precludes Plaintiff's RCFC

-1-

30(b)(6) depositions as a matter of law in this case.  The April 24th order was a place-holding order entered pending a status conference which was held on April 26th.  ECF doc. #39.  The April 24th order was not extended by this Court's April 30th order, thus the temporary protective order is dissolved by its own terms.

Defendant now contends that the April 24th order continues its preclusive effect.

But, frankly, Defendant has never believed its own present rhetoric.

On April 19, 2018, Defendant filed its first Motion for Protective Order several days before Plaintiff's noticed depositions of Messrs. Ng, Gavriel, Niega, and Ms. Twombley, and Plaintiff's RCFC 30(b)(6) depositions seeking to preclude ALL such noticed depositions.  On April 24th a temporary protective order issued AS TO ALL NOTICED DEPOSITIONS (RCFC 30(b)(6) and all others).  The Court conducted a telephonic status on April 26th and issued its April 30th order denying Plaintiff's motion to compel Rule 26 disclosures and Defendant's motion to amend case schedule; the April 30th order did NOT extend the April 24th temporary protective order.  Defendant took no further action to extend the expired protective order or to advise the Court regarding the oversight (if Defendant believed such oversight to have occurred).

Thereafter, Plaintiff sought to re-schedule the subject depositions, and was ignored by Defendant.  Once again, Plaintiff's noticed depositions of Messrs. Ng, Gavriel, Niega, and Ms. Twombley, and Plaintiff's RCFC 30(b)(6) depositions.  Again, on May 10th, Defendant filed a second Motion for Protective Order several days before Plaintiff's noticed depositions, which "*respectfully requests that the Court **renew** its order protecting the Government from Mr. Goodsell's noticed deposition of the United States pursuant to RCFC 30(b)(6)*."  ECF doc #43, pg 1, par. 1.  (*emphasis*

*added*). Thus, even Defendant recognized that the April 24th order had expired and no protective order then existed with respect to Plaintiff's re-noticed depositions of Messrs. Ng, Gavriel, Niega, and Ms. Twombley, and Plaintiff's RCFC 30(b)(6) depositions. The Court scheduled but did not conduct a telephonic status conference on June 1st, and no new protective order issued. Defendant took no further action to obtain a new "renewed" protective order or to advise the Court regarding its unaddressed motion. If Defendant believed the April 24th protective order still precluded Plaintiff's re-noticed depositions of Messrs. Ng, Gavriel, Niega, and Ms. Twombley, and Plaintiff's RCFC 30(b)(6) depositions, no second Motion was needed to "renew [the Court's] order.".

Subsequent to the April 24th order, Defendant offered on May 8th to proceed with May 21st deposition dates for Messrs. Ng, Gavriel, Niega, and Ms. Twombley (but ignored Plaintiff's RCFC 30(b)(6) depositions); Defendant then reneged on those dates.

Obviously, if Defendant truly believed that the April 24th order precluded Plaintiff's efforts to depose Messrs. Ng, Gavriel, Niega, and Ms. Twombley, then the proffered (week of) May 21st deposition dates were improper and unauthorized by this Court. So, was Defendant seeking to induce Plaintiff to violate a continuing protective order by this Court with concomitant sanctions? Did Defendant believe that it could ignore/modify the April 24th order at its own whim? Or did Defendant believe (as Plaintiff does) that the April 24th order expired on April 26th as Judge Firestone intended? (After all, Defendant cannot violate the Court's protective order with impunity, anymore than can Plaintiff – nor would Plaintiff do so without obtaining relief from such protective order).

Similarly, also subsequent to the April 24th order, Defendant offered on July 13th to proceed with (week of) August 6th deposition dates for Messrs. Ng, Gavriel, Niega,

-3-

and Ms. Twombley (but ignored Plaintiff's RCFC 30(b)(6) depositions); Defendant then also reneged on those dates. Obviously, if Defendant truly believed that the April 24th order precluded Plaintiff's efforts to depose of Messrs. Ng, Gavriel, Niega, and Ms. Twombley, then the (week of) August 6th deposition dates were also improper and unauthorized by this Court. Plaintiff must conclude that Defendant did not believe the April 24th protective order continued to preclude witness depositions.

And again, Defendant offered later on July 13th to proceed with (week of) July 30th deposition dates for Messrs. Ng, Gavriel, Niega, and Ms. Twombley (but still ignored Plaintiff's RCFC 30(b)(6) depositions); Defendant then also reneged on those dates. Obviously, if Defendant truly believed that the April 24th order precluded Plaintiff's efforts to depose Messrs. Ng, Gavriel, Niega, and Ms. Twombley, then the (week of) July 30th deposition dates were also improper and unauthorized by this Court. Once again, Plaintiff must conclude that Defendant did not believe the April 24th protective order continued to preclude witness depositions.

Now, Defendant pretends to believe otherwise (or at least so argues).

The April 24th temporary protective order expired by its own terms on April 26th, and Defendant has failed to obtain any further order excusing its non-compliance with Plaintiff's properly noticed (and re-noticed) RCFC 30(b)(6) depositions.

### 2. Plaintiff's Motion is Properly Brought Before this Court

Defendant next contends that Plaintiff has failed to adequately meet-and-confer regarding its present motion to compel Defendant's RCFC 30(b)(6) depositions. As the Court is aware, Plaintiff has advised the Court (and Defendant's counsel) of this continuing issue prior to all 3 status conferences in this case. Plaintiff has asked

Defendant's counsel to address this issue in correspondence dated April 30, May 1, May 8, May 31 (multiple), June 21, July 13 and July 16; Plaintiff has repeatedly requested Defendant to identify and make available respondents for Plaintiff's noticed RCFC 30(b)(6) depositions, which have been outstanding since March.  Most recently, Plaintiff requested clarification from the Court and then from attorney Hough, as set forh in the emails attached to Plaintiff's instant motion.  In short, Plaintiff has exhausted every available avenue prior to filing this instant motion[1].

    RCFC 37(a)(1) requires that any motion for an order compelling disclosure or discovery "must include a certification that the movant has in good faith conferred ***or attempted to confer*** with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Plaintiff's instant motion contains that certification together with supporting emails; the Court has previously been provided with various earlier correspondence reflecting prior efforts over 6 months duration.

    Judge Lettow has described the meet-and-confer limitations in the Court of Federal Claims, as follows:

> RCFC 37(a)(1) does not specify an amount of time that parties must allow for dispute resolution before filing a motion to compel, nor does it outline a process for such discussions.  In analyzing whether a party made a good faith effort to confer, "courts have looked to the deadline for the completion of

---

[1] Attorney Hough complains that Plaintiff did not call him on September 17th, but instead replied that he was "fully engaged that week on other matters."  That's true, Plaintiff was fully engaged.  But upon receiving attorney Hough's dismissive email that the April 24th protective order still precluded Plaintiff's RCFC 30(b)(6) depositions, Plaintiff concluded that only this Court could resolve the issue and stayed late into the evening (Pacific Time) to prepare the instant Motion; attorney Hough was by then long gone from his office and probably abed, but in any event unreachable.  Plaintiff remained fully engaged in other matters during the remainder of that business week, but had at least started the ball rolling forward to resolve this impasse.

discovery," with a preference for a motion to be "filed sufficiently in advance of the discovery deadline . . . to allow it to be heard by [the] court, and if granted, to allow the compelled discovery to be produced prior to the deadline." *New Orleans Reg'l Physician Hosp. Org., Inc. v. United States*, 122 Fed. Cl. 807, 816 (2015) (quoting *Hitkansut LLC v. United States*, 119 Fed. Cl. 40, 49 (2014)). The court will also look to whether the parties have had opportunities subsequent to the filing of the motion to resolve the discovery dispute, which would mitigate any harm caused by the lack of a reasonable discussion period prior to the motion. Id. at 817 (noting the court had stayed briefing on the motion to compel for four months, which allowed the parties additional time to resolve the dispute); *Northrop Grumman Corp. v. United States*, 75 Fed. Cl. 761, 764 (2007) (finding that the opposing party had an additional two weeks after the motion to prepare a response, and therefore "the purpose of Rule 37(a)'s notice requirement was not frustrated"). Taking these and other factors into consideration, this court has found RCFC 37(a)'s notice requirement to be satisfied when there was a week or less between the initiation of discussions and filing of a motion to compel. *New Orleans Reg'l*, 122 Fed. Cl. at 816 (seven days); *Northrop Grumman*, 75 Fed. Cl. at 764 (six days).

In this instance, the parties originally conferred about the discovery request on June 29, 2015, at which point the government agreed to produce only four documents. Def.'s Opp'n at 22; Pls.' Reply at 7. Plaintiffs contacted the government again on March 18, 2016, and the parties discussed the issue on March 21st, at which point the government asked plaintiffs to wait until the close of business on March 22nd before filing a motion to compel. Def.'s Opp'n at 22; Pls.' Reply at 8. On March 22nd, the government produced 10 more documents in response to plaintiffs' request. Def.'s Opp'n at 22; Pls.' Reply at 8. At that point, it was reasonable for plaintiffs' counsel to believe that the government would not produce any further documents based on its prior objections and the discussions on the previous day. In light of the fact that the deadline for discovery requests is June 17, 2016 and fact discovery is scheduled to close on July 18, 2016, it was appropriate for the plaintiffs to bring the discovery dispute to the court's attention to allow the court time to resolve the issue before discovery is scheduled to conclude. In addition, the court has granted the government's request for an enlargement of two weeks in which to respond to plaintiffs' motion, see Order of Apr. 4, 2016, ECF No. 44, giving the parties a total of one month to continue their efforts to resolve the discovery dispute, if they so desired. Accordingly, the court concludes that the notice requirement of RCFC 37(a)(1) has been met under the circumstances.

In *Herrmann*, Judge Lettow focused on three salient factors: (a) the pending deadline for completion of discovery, (b) whether the parties had opportunities subsequent to

filing of the motion to resolve the discovery dispute, and (c) other factors.  Under circumstances described above, Judge Lettow found that a March 18th contact followed by an apparently non-substantive March 21st discussion justified a March 22nd filing for a motion to compel, particularly in light of a June 17th discovery requests deadline and a July 18th fact discovery close date.

Although in this instant case, the discovery deadline is February 8, 2019, no deposition discovery has yet occurred despite Plaintiff's efforts over 6 months. In addition, Plaintiff has informed Defendant that Plaintiff seeks to obtain RCFC 30(b)(6) depositions before other depositions are undertaken in order to efficiently address certain of Defendant's claims which may limit the necessity of multiple fact witnesses.

If 6 months' repeated efforts to obtain RCFC 30(b)(6) depositions are met only with "Defendant has a protective order – no deal" when no such order exists, then further conversations are a futile waste of all parties time.  Plaintiff should not remain forever at mercy of Defendant's intransigence before seeking this Court's intervention.

As set forth above, Plaintiff has met his Rule 37 obligations in this matter.

### 3. Plaintiff is Entitled to Discovery Pursuant to RCFC 30(b)(6)

As set forth in Plaintiff's Motion, Plaintiff is entitled to utilize RCFC 30(b)(6) as any other discovery tool in this case – and, for Plaintiff's purposes, it is a particularly useful tool in this matter, where Defendant's Rule 26 disclosures and its interrogatory responses are so incomplete.  See, 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure: Civil 2d § 2046 (2d ed. 1994) ("[T]he various discovery devices 'may be utilized independently, simultaneously, or progressively, so

long as the requirements of the rule or rules invoked are met.'") (quoting *Hawaiian Airlines, Ltd. v. Trans-Pacific Airlines, Ltd.*, 8 F.R.D. 449, 451 (D. Haw. 1948)). Also, see 8 Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice & Procedure § 2037 at 494 (2d ed. 1994) ("It is even more difficult to show grounds for ordering that discovery not be had when it is a deposition that is sought, and most requests of this kind are denied."); see also Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979) ("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error.").

### A.     Plaintiff's Notice is Sufficiently "Particular"

A copy of Plaintiff's RCFC 30(b)(6) deposition notice is attached to Plaintiff's instant motion.  It is simple, clear and reasonably particular.  Defendant may produce one witness to address all described issues, or Defendant may produce several identified witnesses as identified in the various requests.

The communications described revolve directly around conversations with Scott Goodsell and emails/letters to/from Scott Goodsell and 6 named decision-maker VA individuals.  As Defendant represents, it has at long last, "produced more than 21,000 pages of documents in its on-going document production". (Def.Opp., p. 6, fn 3). Presumably, these documents came from Defendant's 11 custodians-of-records, which must include Messrs. Ng, Gavriel, Niega, Fagan and Ms. Twombley (at least) who are generally the subjects of Plaintiff's RCFC 30(b)(6) depositions.  Defendant therefore knows (and has already assembled) all relevant correspondence needed for these depositions.  In addition, since Plaintiff has identified 6 named individuals with whom he conferred on certain topics, Defendant can have one witness interview all others, or

several witnesses review their own correspondence/notes and testify separately on the particular described topics. Under RCFC 30(b)(6), the choice belongs to Defendant.

Plaintiff does not know (before these depositions) if the 21,000 pages of Defendant's produced documents are the entirety of deponents' communications and/or notes and/or internal memorandums regarding communications with Scott Goodsell, so Defendant's proposal that Plaintiff identify "the specific written and oral communications about which he seeks to inquire" would limit Plaintiff to only presently known-to-Plaintiff communications and would eliminate other known-to-Defendant communications (including internal memoranda). Per RCFC 30(b)(6), Plaintiff is not required to provide a pre-deposition document list to Defendant, rather the Rule requires that the Notice "describe with reasonable particularity the matters for examination." Plaintiff has been as "reasonably particular" as circumstances allow.

### B. "Other Methods" Have Not Provided Any Useful Responses

As set forth above, it is not Defendant's purview to determine how Plaintiff should advance its case or conduct its discovery efforts so long as Plaintiff complies with RCFC rules. See, *Hawaiian Airlines*, supra.

Plaintiff has previously sent 2 sets of interrogatories (26 total) and 2 document requests. Defendant's discovery responses have not been useful in defining issues. At the end of the day, objections and non-responsive answers crafted by clever attorneys say nothing – and nothing is what Plaintiff has obtained in response to its written discovery requests, as expected.

If, as Defendant apparently contends, its "other discovery responses" have already proved sufficient to respond to Plaintiff's Rule 30(b)(6) deposition notice topics, why has Defendant not provided this Court with its fulsome discovery responses? Because it cannot, and the responses are not. If its "other discovery responses" are sufficient, then its RCFC 30(b)(6) deponents need not undertake significant preparation effort because Defendant's discovery answers will inform them fully.

### C.  Plaintiff Seeks No Privileged Communications

Finally, Defendant contends that Plaintiff seeks privileged communications from VA counsel David Fagan. Not true. Plaintiff seeks information regarding various communications BETWEEN Plaintiff and Mr. Fagan relating to Defendant's on-going violations of the SJVC Lease and Plaintiff's efforts to remedy same – which are subject to NO attorney-client privilege, as Plaintiff was never Mr. Fagan's client (and if Mr. Fagan believes otherwise, Plaintiff hereby waives that privilege entirely).

The topic of Plaintiff's pre-Lease termination efforts to address Lease violations is germane to Defendant's Answer and Counterclaim alleging default termination of the SJVC Lease and Defendant's (non-)compliance with its Lease obligations. Mr. Fagan, as a fact witness, is not immune from deposition. See, 7 James Wm. Moore, Moore's Federal Practice § 30.03[5] at 30-23 (3d ed. 2006), the breadth of RCFC 30(a) – "any person" – encompasses even the attorney for a party. See also, *Kaiser v. Mutual Life Ins. Co.*, 161 F.R.D. 378, 379 (S.D. Ind. 1994) (Fed. R. Civ. P. 30(a) does not preclude deposition of a party's counsel); *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 84 (M.D.N.C. 1987) (same); *Boston Edison Co. v. United States*, USCFC Case No. 99-447C, (Feb 26, 2007) (Lettow); *Bogan v. Northwestern Mut. Life Ins. Co.*,

-10-

152 F.R.D. 9, 14 (S.D.N.Y. 1993); *Johnston Dev. Group, Inc. v. Carpenters Local Union No. 1578*, 130 F.R.D. 348, 352 (D.N.J. 1990); see also *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 71 (2d Cir. 2003) ("[W]e have never adopted the *Shelton* rule and have stated specifically that the disfavor with which the practice of seeking discovery from adversary counsel is regarded is not a talisman for the resolution of all controversies of this nature.")

Not every word that falls from the lips of an attorney is "privileged"; if such were so, no attorney (including Plaintiff) could ever be deposed on any subject. Thus, if during his RCFC 30(b)(6) deposition on this topic (which may not even involve Mr. Fagan if Defendant designates another individual), Plaintiff asks a question which Defendant believes to impugn any such privileged communications, Defendant may object and (if necessary) instruct its witness not to respond, and the matter can be preserved for review by this Court at a later date. This is true for any deponent. "Moreover, to the extent that any deposition questions encroach upon the attorney-client privilege or the protection provided by the work product doctrine, the government may interpose a contemporaneous objection. See RCFC 30(c), (d)(1); *Bogan*, 152 F.R.D. at 14.("If questions put [to opposing counsel] at the deposition relate to privileged matters, a proper objection can be interposed at that time."), see, *Boston Edison Co. v. United States*, USCFC Case No. 99-447C, p. 16 (Feb 26, 2007) (Lettow)

////

////

## CONCLUSION

Plaintiff requests that this Court order Defendant to designate its witnesses responsive to Plaintiff''s Notice for RCFC 30(b)(6) depositions not later than October 29, 2018, and that such depositions be ordered to occur not later than the week of November 5, 2018, in San Jose, California, and for such further relief as this Court deems necessary and appropriate.

October 9, 2018                                    ___/s/ Scott Goodsell_____
                                                   Scott Goodsell
                                                   440 N. First Street, Suite 100
                                                   San Jose, California   95112
                                                   tel. (408) 295-9555 x 108
                                                   fax (408) 295-6606
                                                   sgoodsell@campeaulaw.com