# United States Court of Federal Claims

No. 17-171C
Filed: October 31, 2018

_____

**SCOTT GOODSELL,**

    *Plaintiff*,

    v.

**UNITED STATES OF AMERICA,**

    *Defendant*.

_____

### ORDER DENYING MOTION TO COMPEL RULE 30(b)(6) DEPOSITION

    Plaintiff filed a motion to compel the Government to designate and produce witnesses pursuant to Rule 30(b)(6) of the RCFC. The Government opposes the motion, maintaining that the court's previous order (ECF No. 39) precludes the requested discovery, that the motion is procedurally improper, and that plaintiff is not entitled to the relief.

    Plaintiff's motion to compel is denied. The parties are ordered to reach agreement on the issues raised by this motion sufficiently in advance of the discovery deadline in February 2019, to be prepared for trial according to the current schedule. No motion to extend the trial date on the basis of lack of cooperation from the opposing party will be considered. Trial of this case begins on March 11, 2019.

    We do not recite the history of this case here because the parties are well aware of their problems with pre-trial discovery. Evidently, however, at least a part of the problem with counsels' meeting and conferring as required by the rules of this court has been a perceived ambiguity in the court's order relative to plaintiff's Rule 30(b)(6) requests. Nonetheless, the court's order directing maximum cooperation between the parties should have made it clear that we expected maximum cooperation. The regular telephone conferences about the same discovery disputes about which we could not find common ground were not being productive.

Plaintiff's request to depose the VA's counsel, David Fagan, must be denied for the present. Plaintiff's reply brief lists information that it seeks from Mr. Fagan that appears initially to be sensitive to the privilege. It is true, as plaintiff asserts, that not all communications by an attorney are privileged; yet presumptively, these communications are conducted for the purpose of obtaining legal advice until or unless plaintiff can show limitations on his areas of inquiry that would exclude information subject to the privilege. From there, the court will decide based on representations of the parties whether a privilege applies. However, that is a matter that we can discuss later if appropriate and necessary.

## CONCLUSION

Plaintiff's motion to compel the Government to designate and produce witnesses pursuant to Rule 30(b)(6) is **DENIED**. If the parties cannot resolve their disputes regarding pre-trial discovery sufficiently in advance of March 11, 2019 to be prepared for trial, they must jointly request a hearing with the court to resolve this matter promptly.

**IT IS SO ORDERED.**

s/*Robert H. Hodges, Jr.*

Robert H. Hodges, Jr.
Senior Judge